UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Thomas E. Perez, SECRETARY OF LABOR,       *
     United States Department of Labor,    *
                                           *
                    Plaintiff,             *
                                           *
              v.                           *
                                           *
GOLDSMITH, PREST & RINGWALL, INC.,         *    CIVIL ACTION NO.
CALVIN R. GOLDSMITH, Individually, and     *    1:13-cv-12761
BRUCE D. RINGWALL, Individually,           *
                                           *
                    Defendants.            *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), hereby alleges:

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §§ 1001, et seq., as amended, and the Secretary brings this action pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, obtain appropriate relief in order to redress violations, and to enforce the provisions of that Title.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

DEFENDANTS

4.     Defendant Goldsmith, Prest & Ringwall, Inc. ("GPR") was and has been, at all relevant times from 2008 through present (the "pertinent period"), an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

5.     During the pertinent period, Defendant GPR has been a corporation with an office and place of business at 39 Main Street, Suite 301 in Ayer, Massachusetts 04132, within the jurisdiction of this Court.

6.     During the pertinent period, Defendant Calvin R. Goldsmith has been the Vice-President, Treasurer, Secretary, and a Director of Defendant GPR.  Defendant Goldsmith resides in Templeton, Massachusetts, within the jurisdiction of this Court.

7.     During the pertinent period, Defendant Bruce D. Ringwall has been the President and a Director of Defendant GPR.  Defendant Ringwall resides in Acton, Massachusetts, within the jurisdiction of this Court.

8.     During the pertinent period, Defendant GPR sponsored the Goldsmith, Prest & Ringwall, Inc. SIMPLE IRA Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), which is subject to coverage under the Act pursuant to § 4(a), 29 U.S.C. § 1003(a).

9.     The Plan was designed to provide retirement benefits for the exclusive benefit of its participants, employees of Defendant GPR, and their beneficiaries.  Amounts withheld from employee paychecks as contributions to the Plan, in accordance with each participant's election, and matching employer contributions funded the Plan.

10. During the pertinent period, Defendant GPR was the Plan Sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and the Plan Administrator of the Plan, as defined by ERISA § 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii).

11. During the pertinent period, Defendant GPR, acting as Plan Administrator of the Plan, exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or discretionary control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant GPR was, during the pertinent period, a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

12. During the pertinent period, Defendant GPR, as the Plan Sponsor of the Plan and employer of employees covered by the Plan, was a party-in-interest within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

13. During the pertinent period, Defendant Goldsmith was responsible for Defendant GPR's operations, including authorizing the payment and remittance of contributions to the Plan. Defendant Goldsmith signed the contribution checks as the authorized signer. As such, Defendant Goldsmith exercised discretionary authority or control respecting the management of the Plan, exercised authority or control respecting management or disposition of assets of the Plan, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Goldsmith was, during the pertinent period, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

14. During the pertinent period, Defendant Goldsmith, as a fiduciary and the Vice-President, Treasurer, Secretary, and a Director of Defendant GPR, was a party-in-interest with

respect to the Plan within the meaning of ERISA §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

15. During the pertinent period, Defendant Ringwall was also responsible for Defendant GPR's operations, including authorizing the payment and remittance of contributions to the Plan. As such, Defendant Ringwall exercised discretionary authority or control respecting the management of the Plan, exercised authority or control respecting management or disposition of assets of the Plan, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Ringwall was, during the pertinent period, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

16. During the pertinent period, Defendant Ringwall, as a fiduciary and the President and a Director of Defendant GPR, was a party-in-interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

## CLAIMS

17. During the pertinent period, Defendants were responsible for receiving and collecting any and all monies due to the Plan and for properly managing the assets of the Plan. Defendants were also responsible for undertaking measures to collect any and all employer contributions due to the Plan.

18. From 2009 to present, employee contributions were withheld from Defendant GPR's employees' paychecks for deposit to the Plan. Those employee contributions became plan assets pursuant to the ERISA plan asset regulation, 29 C.F.R. § 2510.3-102.

19. From 2009 to present, Defendants failed to timely remit and remit any and all withheld employee contributions due to the Plan. The unremitted employee contributions total $71,855.00, plus lost opportunity costs, and are due and owing to the Plan.

20. During the pertinent period, Defendant GPR was obligated to remit employer matching contributions to the Plan.

21. From 2008 to present, Defendants failed to take appropriate measures to collect any and all employer contributions due to the Plan. The uncollected employer contributions total $26,628.00, plus lost opportunity costs, and are due and owing to the Plan.

22. By virtue of the acts described in paragraphs 17 through 21, Defendants failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

23. By virtue of the acts described in paragraphs 17 through 21, Defendants failed to discharge their fiduciary duties in regard to the Plan with the requisite degree of care, skill, prudence, and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

24. By virtue of the acts described in paragraphs 17 through 19, Defendants caused the Plan to engage in transactions which they knew or should have known constituted transfers of plan assets to, or use by or for the benefit of, Defendant GPR, a party-in-interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

25. By virtue of the acts described in paragraphs 17 through 19, Defendants dealt with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

26.     By virtue of the acts described in paragraphs 17 through 19, Defendants acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan, its participants, and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

### PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an order:

27.     Permanently enjoining Defendants from violating or participating in any violation of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

28.     Permanently enjoining Defendants Goldsmith and Ringwall from serving as fiduciaries to any ERISA-covered plan in the future;

29.     Requiring Defendants to undo the prohibited transactions in which they engaged and to restore to the Plan any and all losses incurred as a result of breaches of Defendants' fiduciary duties and the violations they committed or for which they are liable, including lost earnings and appropriate interest;

30.     Awarding the Secretary the costs of this action; and,

31.     Providing such other relief as is just and equitable.

Respectfully submitted,

M. Patricia Smith
Solicitor for Labor

Post Office Address:
United States Department of Labor
Office of the Solicitor                    Michael D. Felsen
JFK Federal Building, Room E-375           Regional Solicitor
Boston, Massachusetts 02203                /s/Celeste C. Moran_____
                                           Celeste C. Moran, Esq.
Telephone: (617) 565-2500                  Trial Attorney
Facsimile: (617) 565-2142                  Massachusetts BBO No. 682937
moran.celeste@dol.gov

United States Department of Labor
Attorneys for the Plaintiff

Date: October 31, 2013