UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Thomas E. Perez, SECRETARY OF LABOR, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> GOLDSMITH, PREST & RINGWALL, INC., <br> CALVIN R. GOLDSMITH, Individually, and <br> BRUCE D. RINGWALL, Individually, <br> <br> Defendants. | CIVIL ACTION NO. <br> 1:13-cv-12761 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONSENT JUDGMENT AND ORDER

Defendants Goldsmith, Prest & Ringwall, Inc., Calvin R. Goldsmith, and Bruce D. Ringwall (collectively, "Defendants"), and Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), have agreed to resolve all matters in controversy in this action (not including the imposition by Plaintiff of any penalty pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act") Section 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto), and said parties do now consent to the entry of a Consent Judgment and Order ("Consent Judgment") by this Court in accordance therewith.

The parties agree, for purposes of any future assessment of penalty pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l), that the "applicable recovery amount" shall be the amount of $90,288.91, as set forth in paragraph 3 of this Consent Judgment, except that Defendants shall be given credit for any payment made prior to the entry of this Consent Judgment, subject to

1

providing proof of payment pursuant to paragraph 8 of this Consent Judgment.

Defendants have waived the requirements of Rule 4 of the Federal Rules of Civil Procedure as to service of summons and acknowledge receipt of Plaintiff's Complaint. By consenting to this Consent Judgment, Defendants admit jurisdiction of this Court over them and over the subject matter of this action.

Now therefore, by consent of the parties hereto, and with due consideration,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Defendants represent that all payments due to the Goldsmith, Prest & Ringwall, Inc. SIMPLE IRA Plan (the "Plan") after March 30, 2013 are current and up-to-date as of the signing of this Consent Judgment.

2. Defendants are permanently enjoined from violating Title I of ERISA, 29 U.S.C. § 1001, et seq.

3. Defendants shall pay the amount of $90,288.91 to the Plan, representing principal up to and including March 30, 2013 and lost opportunity costs, and excluding amounts due to Defendants Goldsmith and Ringwall, in accordance with the terms of the Plan. Said amount shall be allocated among Plan participants listed in Attachment A, whose employee contributions were withheld but never transmitted to the Plan and/or were untimely transmitted to the Plan, and whose employer contributions were not collected to remit to the Plan, according to the amount each participant is due, provided however, that none of said amount will be allocated to the accounts of Defendants Goldsmith or Ringwall or otherwise for the benefit of Defendants.

4. Payment of said amount shall be made to the Plan in thirty-six (36) monthly installment payments, as follows:

  a)  The first twelve (12) monthly installment payments shall be in the amount of $1,524.49, including interest amortized annually at the rate of three-percent (3%).

  b)  The next twenty-four (24) monthly installment payments shall be in the amount of $3,150.76, including interest amortized annually at the rate of three-percent (3%).

  5.  The first installment payment shall be due on November 1, 2013. Thereafter, successive installment payments shall be made on a monthly basis. Said successive installment payments shall be due on the first (1st) day of each month following the month in which the preceding payment was due. If an installment payment is more than fifteen (15) days late, the remaining balance amount becomes due and payable immediately.

  6.  Defendants shall have the right to make greater payments toward the balance due without penalty, but shall pay at least the monthly installment payments described in paragraph 4 of this Consent Judgment. Any greater payments towards the balance due shall be applied to the final payments. Defendants shall be given credit for any payments made prior to the entry of this Consent Judgment, subject to providing proof of payment pursuant to paragraph 8 of this Consent Judgment.

  7.  Within thirty (30) days of the entry of this Consent Judgment, Defendants shall provide Plan participants listed in Attachment A with a copy of this Consent Judgment and Attachment A. Defendant shall provide proof of transmitting such copies pursuant to paragraph 8 of this Consent Judgment. Defendants shall take all appropriate steps to maintain current addresses and contact information for Plan participants.

  8.  The following shall be submitted setting forth evidence of compliance with the provisions of paragraphs 3 through 7 of this Consent Judgment:

a) Within ten (10) days of making each monthly installment payment to the Plan, Defendants shall provide proof of payment to the Secretary, until such time as the full amount is restored to the Plan;

b) Within thirty (30) days of completing payments to the Plan, Defendants shall provide a written report to the Secretary showing a full accounting of the proceeds allocated to Plan participants' accounts or otherwise allocated to Plan participants;

c) Within thirty (30) days of the entry of this Consent Judgment, Defendants shall provide proof of any payments made prior to the entry of this Consent Judgment to the Secretary;

d) Within thirty (30) days of transmitting copies of the Consent Judgment and Attachment A to Plan participants, Defendants shall provide the Secretary with proof of transmitting the copies; and,

e) Proof of payments, the report of compliance, and proof of transmitting copies of the Consent Judgment and Attachment A, as required by paragraphs 8(a) through (d) of this Consent Judgment, shall be sent to the following address:

>Regional Director
>U.S. Department of Labor
>Employee Benefits Security Administration
>John F. Kennedy Federal Building, Room 575
>Boston, Massachusetts 02203

9. Each party shall bear its own fees and expenses with respect to this action.

10. This Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment.

11. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

IT IS ORDERED THIS ___1st___ day of ___November___, 2013.

_____William G. Young_____
United States District Judge

CONSENTED TO BY:

For the Plaintiff, Thomas E. Perez, Secretary of Labor, U.S. Department of Labor:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

_____          ___10/30/2013___
Celeste C. Moran                                    Date
Trial Attorney
Massachusetts BBO No. 682937

U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building, Room E-375
Boston, Massachusetts 02203
Telephone: (617) 565-2500
Facsimile: (617) 565-2142

For Defendant Goldsmith, Prest & Ringwall, Inc.:

_____          ___10/25/13___
                                                    Date
Print: _Calvin R. Goldsmith, VP & Treas._

5

Goldsmith, Prest & Ringwall, Inc.
39 Main Street, Suite 301
Ayer, Massachusetts 01432


For Defendant Calvin R. Goldsmith:

_____      10/25/2013
Print: _CALVIN R. GOLDSMITH_     Date

Calvin R. Goldsmith
113 South Road
Templeton, Massachusetts 01468


For Defendant Bruce D. Ringwall:

_____      10/25/2013
Print: _Bruce D. Ringwall_     Date

Bruce D. Ringwall
403 Main Street
Acton, Massachusetts 01720